

FILED

SEP 28 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) No. 04-28488-A-7
)
)
PATRICIA DI NATALE )
)
Debtor. )
)
)
)
)

**MEMORANDUM DECISION**

The debtor has filed an ex parte motion to reopen her chapter 7 case for the purpose of amending her schedules to list previously omitted unsecured creditors to Schedule F.

The petition was filed on August 19, 2004. The notice of the meeting of creditors informed the creditors whether this was a "no-asset" case. Accordingly, creditors were instructed to not file proofs of claim.

Thus, this case was a "no-asset, no-bar-date-case." Creditors holding claims otherwise dischargeable by the debtor had their claims discharged even though their claims were not scheduled and even though the omitted creditors had no notice of the case. 11 U.S.C. § 727(b); <u>Beezley v. California Land Title Co. (In re Beezley)</u>, 994 F.2d 1433 (9th Cir. 1993). It is not

30

necessary to reopen the case and amend the schedules in order to discharge the claims of the omitted creditors.

If the omitted creditors' claims could have been excepted from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the debtor's failure to schedule the claims when the petition was filed meant that the omitted creditors did not receive notice of the deadline for filing a complaint. See 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007(b). Therefore, unless the omitted creditors had actual knowledge that the petition had been filed in time to file a timely dischargeability complaint, the failure to initially schedule the claims may mean one or more of the claims is nondischargeable. 11 U.S.C. § 523(a)(3)(B). Amending the schedules will not change this result.

In short, reopening the case to permit the amendment of the schedules will have no effect whatever. The debtor does not need to do anything -- the claims of the omitted creditors were discharged in a chapter 7 bankruptcy case provided that omitted creditors cannot state a claim under section 523(a)(3)(B). To do so, requires that the filing of an adversary proceeding. See In re Costa, 172 B.R. 954 (Bankr. E.D. Cal. 1994). In connection with the resolution of that adversary proceeding, there must be two determinations. Did the omitted creditors have actual notice of the bankruptcy filing in sufficient time to file a timely dischargeability complaint? See Fed.R.Bankr.P. 4007(c). And, if there was no actual notice of the petition, are any of the claims nondischargeable under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6)?[1]

---

[1] If the omitted creditor is claiming the debts are non-dischargeable under 11 U.S.C. § 523(a)(1), (5), (7)-(15), (16),

If an omitted creditor had actual notice or if its claim is not excepted from discharge by 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6), the court will declare the omitted claims discharged in bankruptcy.

Therefore, while the court will permit this case to be reopened, the court cannot issue an unequivocal declaration that the omitted claims were discharged in bankruptcy. Because this was a "no-asset, no bar date" case, the unscheduled claims of the omitted creditors were discharged unless those claims are nondischargeable under section 523(a)(3)(B). To obtain a declaration that an omitted claim is not made nondischargeable by section 523(a)(3)(B), the debtor (or the omitted creditor) must file, serve, and prevail in an adversary proceeding.

Dated: 28 Sept 2005

By the Court

_____
Michael S. McManus, Chief Judge
United States Bankruptcy Court

---

(17), the creditors cannot be prejudiced by the omission of their claim in a "no asset" case. Unlike section 523(a)(2),(4) or (6), there is no deadline for the filing of such dischargeability complaints and nonbankruptcy courts may determine whether the debts fall into the exceptions enumerated in section 523(a)(1), (5), (7)-(15), (16), (17). 11 U.S.C. § 523(c)(1); Fed.R.Bankr.P. 4007(c).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CERTIFICATE OF MAILING

The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Office of the US Trustee
501 I St. Ste 7-500
Sacramento, CA 95814

Patricia DiNatale
9440 W Stockton Blvd. #249
Elk Grove, CA 95758

John R. Roberts
PO Box 1506
Placerville, CA 95667-1506

Dated: 9/24/05

_____
Deputy Clerk